## THOMAS GAINES

*v.*

## THOMAS H. WILLIAMS.

*Filed at Ottawa May 9, 1893.*

1. CONSTITUTIONALITY—*rule of construction—presumption.* Every presumption is in favor of the validity of a statute, and any reasonable doubt must be resolved in its favor, so that when such doubt exists the statute must be sustained. The courts will not declare a law unconstitutional except in a very clear case; and the burden of proving, beyond a reasonable doubt, that a statute is unconstitutional, rests on the party seeking to impeach the same.

2. So whenever an act of the legislature can be so construed and applied as to avoid a conflict with the constitution and give it the force of law, such construction will be adopted.

3. CHATTEL MORTGAGES—*foreclosure—act of 1889—constitutionality, etc.* Section 2 of "An act to regulate the foreclosure of chattel mortgages on household goods, wearing apparel and mechanics' tools," approved January 5, 1889, which provides that no chattel mortgage executed by a married man or married woman on household goods shall be valid unless joined in by the husband or wife, as the case may be, is not unconstitutional, as embracing a matter not germane to the subject expressed in the title.

4. SAME—*statute construed.* In a proceeding to foreclose a chattel mortgage under sections 1 and 2 of the act of June 5, 1889, the question will necessarily arise whether the mortgage sought to be foreclosed is a valid mortgage, or belongs to the class of mortgages intended to be comprehended within the provisions of the act, and whatever goes to the solution of these questions can not be said to be foreign to the subject expressed in the title.

5. Section 1 of the act, by its terms, applies to all chattel mortgages upon household goods, wearing apparel or mechanics' tools, except those included in the two provisos therein; and section 2, making such mortgages invalid unless made by both the husband and wife of the debtor, may be regarded as imposing, in effect, a further limitation upon the generality of the terms of section 1, and as excepting from its operation mortgages of that character.

6. SAME—*section 2—germane to the general purpose and embraced in its title.* It seems clear that the provision of section 2 of the act declaring mortgages upon household goods, etc., to be void, so as not to be susceptible of foreclosure, by bill or otherwise, when executed by a

married man without his wife joining with him in its execution, is germane to the general purpose of the act as well as to the subject expressed in the title, viz., the regulation of the foreclosure of mortgage, or household goods.

7. PRACTICE IN THE SUPREME COURT—*new questions on rehearing.* A party who has once submitted his case for decision in this court, and been defeated, will not be permitted to then shift his position and obtain a re-consideration upon new and distinct grounds.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Messrs. CRATTY BROS. & JARVIS, for the appellant:

Unless the court is convinced, beyond a reasonable doubt, that an act is unconstitutional, it should be sustained. The court should sustain the act, if possible. Cooley's Const. Lim. (5th ed.) 218, 220, 222, and authorities cited.

There was no design, by this clause of the constitution, to embarrass legislation by making laws unnecessarily restrictive in their scope. Cooley's Const. Lim. (5th ed.) 172, 176.

The title need not contain an index to the contents of an act. · It is sufficient if the subject matter is, under any construction, reasonably included within the subject expressed in the title, or is germane thereto. *O'Leary* v. *County of Cook,* 28 Ill. 534; *Neifing* v. *Pontiac,* 56 id. 172; *Potwin* v. *Johnson,* 108 id. 70; *People* v. *Hazelwood,* 116 id. 327; *Donnersberger* v. *Prendergast,* 128 id. 233; *People* v. *Blue Mountain Joe,* 129 id. 377; *Blake* v. *People,* 109 id. 519.

Mr. F. H. TRUDE, and Messrs. SLUSSEN & JOHNSON, for the appellee:

The constitutional provision is mandatory, and its purpose, as held by this court, is, that each law enacted by the legislature shall relate to one subject, only, and the clause shall be construed in such a way as to put an end to the evils sought to be remedied by it.

The general purpose of the provisions is accomplished, first, when the title is comprehensive enough to reasonably include ·

as falling within that general subject, and the subordinate branches thereof, the several objects which the statute assumes to affect; second, when the subject matter is embraced in the title in general terms; third, when the subject matter of the section under consideration is germane to the subject expressed in the title, or forms a subordinate branch or part of such general subject; fourth, when the subject matter of the section under consideration is a means toward carrying into effect the general purpose of the act as expressed in the title. *Potwin* v. *Johnson*, 108 Ill. 70; *People* v. *Hazelwood*, 116 id. 327; *Donnersberger* v. *Prendergast*, 128 id. 229; *People* v. *Blue Mountain Joe*, 129 id. 377; *Blake* v. *People*, 109 id. 509; *O'Leary* v. *Cook County*, 28 id. 534; *Hyde Park* v. *Chicago*, 124 id. 156; *Lockport* v. *Gaylord*, 61 id. 76.

Any provision of a law that has no tendency to promote the object and purpose of the act to which it belongs is obnoxious to the constitutional provision, and is void. *Dolse* v. *Price*, 124 Ill. 140; *People* v. *Mellen*, 32 id. 181; *McGurn* v. *Board of Education*, 133 id. 122; *Lockport* v. *Gaylord*, 61 id. 276; *Newhorton* v. *Price*, 11 Ind. 199.

The courts can not enlarge the scope of the title of an act. They are invested with no dispensing power. They can not look beyond the subject, as expressed in the title, for the legislative intent. Cooley's Const. Lim. 179, 180.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, brought by George J. Williams against Thomas Gaines, to foreclose a chattel mortgage, in pursuance of the provisions of "An act to regulate the foreclosure of chattel mortgages on household goods, wearing apparel and mechanic's tools," approved June 5, 1889. The cause was heard on bill, answer, replication, and a stipulation of the parties as to the facts, and upon such hearing, a decree was rendered foreclosing the mortgage, and ordering a sale of the mortgaged property to satisfy the amount due on the in-

debtedness thereby secured. The Circuit Court, in reaching this result, seems to have held the second section of the act in pursuance of which the bill was filed to be unconstitutional and void, and the validity of a statute being thus involved in the case, the record has been brought by appeal directly from that court to this.

Counsel on both sides expressly admit that the only question presented by the appeal is the constitutionality of this section of the statute. The counsel for the appellant, in their brief, in stating the appellee's position, say, that the appellee admits that if the second section of the act is valid, the mortgage is void and not subject to foreclosure, but claims that the section is repugnant to section 13, article 4, of the Constitution, and therefore invalid; and in response to this statement, the counsel for the appellee commence their brief by saying: "As stated by the appellant, the only question involved in the case is the constitutionality of the second section of the chattel mortgage act of 1889." Under these circumstances, there is no other question for us to consider, and if in our opinion that section is constitutional and valid, the decree of the court below must be reversed.

The statute in question, the title of which is given above, consists of two sections, and is as follows:

"Section 1. That no chattel mortgage on the necessary household goods, wearing apparel or mechanic's tools, of any person or family shall be foreclosed except in a court of record. No household goods, wearing apparel or mechanic's tools covered by a chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosure, except by a sheriff, and then only after the mortgagee or his agent shall present an affidavit to a judge of any court of record, setting forth that the mortgage is due, or that he is in danger of losing his security, giving the facts upon which he relies, and shall obtain an order from such judge directing such sheriff, to seize such household goods, wearing apparel or mechanic's tools,

and hold them subject to the order of the court: Provided, that nothing herein shall apply to the sale of furniture by regular dealers on the so-called installment plan: Provided, this act shall not apply to the foreclosure of chattel mortgages executed prior to the time this act shall take effect.

"Sec. 2. No chattel mortgage executed by a married man or married woman on household goods shall be valid, unless joined in by the husband or wife, as the case may be."

Section 13, article 4, of the Constitution provides as follows: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." The contention is, that the second section of the act relates to the execution of chattel mortgages upon the several species of personal property mentioned in the title, and is not therefore germane to the subject expressed in the title, which is, "the foreclosure of chattel mortgages on household goods, wearing apparel and mechanic's tools."

The rule is too well established to need discussion, that every presumption is in favor of the validity of a statute, and that every reasonable doubt must be resolved in its favor, and that where such doubt exists, the statute must be sustained. The right of the judiciary to declare a statute void and arrest its execution is one which, in the opinion of all courts, is coupled with responsibilities so grave, that it is never to be exercised, except in very clear cases. The party who wishes to pronounce a law unconstitutional, takes upon himself the burden of proving beyond a reasonable doubt that it is so. *People* v. *Nelson*, 133 Ill. 565. As said by Chief Justice Shaw in *Wellington et al.* v. *Petitioners, etc.* 16 Pick. 87: "When called upon to pronounce the invalidity of an act of legislation passed with all the forms and solemnities requisite to give it the force of law, the courts will approach the question with great caution, examine it in every aspect, and ponder upon it

as long as deliberation and patient attention can throw any new light on the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed in their judgment beyond reasonable doubt." To similar effect see, *C. D. & V. R. R. Co.* v. *Smith,* 62 Ill. 268; *Hawthorn* v. *The People,* 109 id. 302; *People* v. *Hazelwood,* 116 id. 319; *Wulf* v. *Aldrich,* 124 id. 124; *McGurn* v. *Board of Education,* 133 id. 122; *Field* v. *The People,* 2 Scam. 79; *Lane* v. *Dorman,* 3 id. 237; *People* v. *Marshall,* 1 Gilm. 672; *People* v. *Reynolds,* 5 id. 1.

In *McGurn* v. *Board of Education, supra,* in discussing the constitutional provision now sought to be invoked, we said: "The constitutional provision above quoted has always received a liberal construction, and it has accordingly been held, that there may be included in an act, any means which are reasonably adapted to secure the object indicated by the title." And in *People* v. *Nelson, supra,* in considering the same provision, we said: "Whenever an act of the Legislature can be so construed and applied as to avoid a conflict with the Constitution and give it the force of law, such construction will be adopted."

The question presented by the case before us then is, whether there is any view which can reasonably be taken of the statute under consideration, which will make section 2 germane to the subject expressed in the title to the act. That subject, as has already been said, is the regulation of the foreclosure of chattel mortgages upon certain specified classes of personal property. It is plain that, in all cases of foreclosure under the provisions of section 1, the question must necessarily arise whether the mortgage sought to be foreclosed is a valid mortgage, or belongs to the class of mortgages intended to be comprehended within the provisions of the act. Whatever goes to the solution of these questions can scarcely be said to be foreign to the subject expressed in the title.

Section 1, by its terms, applies to all chattel mortgages upon household goods, wearing apparel or mechanic's tools,

except those included in the two provisos contained in that section. Section 2 declares that chattel mortgages on household goods executed by a married man, his wife not joining, shall be void, and as a necessary result, not subject to foreclosure. This may be regarded as imposing, in effect, a further limitation upon the generality of the terms of section 1, and as excepting from its operation mortgages of that character. If instead of section 2 as it now stands, a further proviso had been inserted in section 1, in these terms: "Provided, that no chattel mortgage on household goods executed by a married man, his wife not joining in its execution, shall be deemed to be valid and subject to foreclosure," it could scarcely be doubted that the subject of such proviso would be germane to that expressed in the title. But section 2 is susceptible, without any violence to its language, of a construction which will make it substantially identical, in legal effect, to a proviso expressed in those terms.

A very similar question arose in *Bonorden* v. *Kriz*, 13 Neb. 121. There an act entitled, "An act to exempt homestead from judicial sale," contained as section 3, the following: "A conveyance or incumbrance by the owner is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." The suit was to foreclose a mortgage on the homestead executed by the husband alone, and it was contended by the plaintiff that section 3 of the act was void, as being in contravention of the constitutional provision, that: "No bill shall contain more than one subject, which shall be clearly expressed in the title." The court, in holding the provision constitutional, said: "Under the title to exempt homestead, the legislature may make any provision in relation to protecting such homestead that it sees fit. And so long as such legislation is confined to exempting the homestead from forced sale, whether by execution or upon a mortgage declared to be void by the statute, it can make no difference. It certainly is just as important that the wife

should be protected from a mortgage executed by the husband alone as that she should be permitted to claim exemption in case of failure of her husband to do so. The law proceeds upon the theory that both husband and wife are entitled to the benefit of the homestead act, and this right can not be waived except by the consent of both. The law therefore requires the assent of both to a conveyance or incumbrance of the homestead."

In *Duncan* v. *Taylor*, 63 Texas, 645, an act entitled "An act in relation to assignments for the benefit of creditors, and to regulate the same and the proceedings thereunder," contained a section invalidating all liens on stocks of goods exposed for sale in the usual course of trade. In a suit to enforce a chattel mortgage on a stock of goods thus situated, it was held that such provision was germane to the subject of the act and was therefore valid.

In *O'Leary* v. *County of Cook*, 28 Ill. 534, the question was as to the validity of a provision in "An act to amend 'An act to incorporate the North-Western University,'" which prohibited the sale of intoxicating liquors within four miles of the university. Such prohibition was held to be germane to the title of the act, and not in contravention of the provision of the Constitution of 1848, which declared that "no private or local law shall embrace more than one subject, and that shall be expressed in the title." In discussing the point thus decided, it was said: "The object of the charter was to create an institution for the education of young men, and it was competent for the legislature to embrace within it everything which was designed to facilitate that object. Every provision which was intended to promote the well-being of the institution, or its students, was within the proper subject-matter of that law. We can not doubt that such was the single design of this law. Its purpose was to keep far away from the members of the institution the temptation to intemperance and its attendant vices. Although this provision might incidentally tend to pro-

tect others, residing in the vicinity, from the corrupting and demoralizing influences of the grog-shop, yet it was not the primary object of the law, but its sole purpose was to protect the students and faculty from such influence."

In the case of *The People* v. *Blue Mountain Joe*, 129 Ill. 370, the title of the act involved was, "An act to regulate the practice of medicine in the State of Illinois." The provision, of the act in relation to which the question arose was one which imposed a fine upon any itinerant vendor of any drug, nostrum, ointment or other appliance of any kind intended for the treatment of disease or injury, who should vend or sell the same, without being licensed to do so. In holding this provision valid, we said : "If, therefore, the subject matter of the section under consideration is germane to the general subject expressed in the title, or forms a subordinate branch or part of such general subject, it must be held as embraced within the title of the act. * * * To regulate is to adjust by rule, to subject to governing principles, or to restrict within certain rules and limitations. Within the regulation of the practice of medicine must necessarily fall the right to determine, or to provide means for the determination of, who may lawfully exercise the right to practice medicine, and to establish such rules as shall determine what shall and what shall not be regarded as legitimate practice of the profession."

The object of the statute under consideration in the case at bar manifestly is, to remedy certain abuses and oppressions heretofore existing in the enforcement of chattel mortgages upon household goods and other kindred property. Prior to its enactment, chattel mortgages on those as well as other species of chattels, might be foreclosed by the mortgagee by taking possession and selling, without legal process or judicial decree, and great hardship often resulted, especially to families of small means, whose household goods or wearing apparel were mortgaged. They were liable to be stripped of even the bare necessities of life, at the mere will of the mort-

gagee, without the opportunity of being heard or of making defense. To prevent oppressions in the foreclosure of mortgages of this character, the statute forbids foreclosure except by bill in chancery, and restrains the mortgagee from taking possession and permits him to have the goods seized only by legal process, to be executed by the sheriff, such process to be issued only upon the order of a judge of a court of record, made upon due proof of the mortgagee's right to enforce his mortgage, and during the foreclosure proceedings, the goods are to be held by the sheriff, subject to the order of the court.

It seems clear to us, that the provision of section 2 of the act, declaring mortgages upon household goods to be void, so as not to be susceptible of foreclosure by bill or otherwise, when executed by a married man without his wife joining with him in its execution, is germane to the general purpose of the act, as well as to the subject expressed in the title, viz., the regulation of the foreclosure of mortgages on household goods, etc. We are of the opinion that section 2 of the act is not obnoxious to the constitutional provision above quoted, and that it is valid. It follows, as the parties have expressly conceded, that the mortgage sought to be foreclosed is void, and that the mortgagee is not entitled to enforce it by foreclosure or otherwise. The decree of the Circuit Court must therefore be held to be erroneous, and it will accordingly be reversed, and the cause will be remanded to the Circuit Court, with directions to dismiss the bill.

*Decree reversed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: Since the filing of the foregoing opinion, the appellee has presented his petition for a rehearing, in which he admits the only matter controverted by him at the hearing, viz., the validity of the second section of the statute in question, but seeks to sustain his mortgage on other grounds, which were not relied upon or even adverted to in his former brief

and argument. We are not disposed to consider the. points thus made, it being sufficient to say, that the practice of this court will not permit a party who has once submitted his case for decision and been defeated, to then shift his position and obtain a re-consideration upon new and distinct grounds. Especially is this so where, as in this case, it has been expressly admitted that the point originally urged is the only ground of controversy in the case. The appellee having admitted that the constitutionality of section two of the statute was the only question to be decided, must abide by that admission, and the decision of that point against him must be regarded as a final disposition of the controversy. We are not disposed to decide cases by piece-meal, and we therefore can entertain petitions for rehearings only for the purpose of correcting errors into which the court may have inadvertently fallen in deciding the case as originally presented. It follows that the petition for a rehearing in this case must be denied.

*Rehearing denied.*