## John Marthaler v. A. Druiding and George Kersten.

1. SURETIES—*When Sued Must Make Defense.*—A surety is bound by the letter of his bond; but when sued upon it, he must make his defense in such a manner that if the court disregards it, the court errs and he must preserve the error.

2. APPELLATE COURT PRACTICE—*Objections Must Be Specific.*—Objections to evidence in the court below must be specific, and the grounds of the objection must be pointed out. The Appellate Court is one of review; a point not made in the court below can not be made there.

3. SAME—*Points on Rehearing, Not in Original Brief.*—A point not made in appellant's original brief can not be made on petition for rehearing.

4. INJUNCTION BONDS—*Actions on, Without Assessment of Damages.*—An action lies on an injunction bond without a previous assessment of damages by a chancellor.

**Debt.**—In the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. JONAS HUTCHINSON, Judge, presiding. Trial by the court; finding for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

JOHN N. JEMISON, attorney for appellant.

GOLDZIER & RODGERS, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

June 25, 1891, Druiding recovered before a justice a judgment for $120 and costs against one Gerarty, who, instead of appealing while there was yet time, obtained an injunction to restrain the collection of the judgment, and gave a bond with the appellant as surety. That case is reported in 44 Ill. App. 440. The bond was not conditioned, as Sec. 8, Ch. 69, "Injunctions," requires, to pay the judgment, but only to pay such costs and damages as should be awarded.

The appellant is a surety and only bound by the letter of the bond; but when sued upon it, he must make his defense in such manner that if the court disregards the defense, the court errs. And he must preserve the evidence of the error, if the court does err, in such manner that the error can be corrected by a court of review. Neglecting these precautions, he must abide the judgment of the court.

Now the declaration shows a breach of the condition of the bond, in not paying costs awarded; and also claims the non-payment of the judgment as damages.

On the trial before the court without a jury, Mr. Waters, being the appellees' attorney, and putting in evidence the transcript of the justice, and the record of the court by which the injunction was issued and dissolved, thereby showing the same damages as the appellees would have been entitled to, had the bond been properly conditioned, the appellant's attorney said : "We will compare those items, Mr. Waters, and see if I have them right;" and then said to the court, "I now repeat my objection to the evidence as not supporting the declaration, and incompetent, insufficient and immaterial." Such an objection raises no question here.

So much, at least, of that evidence, as showed the costs awarded, was competent, material, and in support of the declaration. Nowhere did the counsel single out the objectionable part and object to it alone. Nowhere did he call the attention of the court to the form of the condition of the bond, and that some portion of the evidence did not fit. Thompson on Trials, Sec. 693, *et seq.*

And in no way, either by objecting to the amount of the finding, or on a motion for a new trial, did he endeavor to show to the court that damages claimed or allowed were not within the condition.

This is a court of review. A point not made below can not be made here. Keely v. City of Chicago, 148 Ill. 90; Roseboom v. Whittaker, 132 Ill. 91; Joseph v. Fisher, 3 Scam. 137.

Whether the judgment is in the right form is not questioned by the assignments of error, nor shown by the abstract, and complaint of it in the brief goes for nothing.

The judgment is affirmed.


GARY, J., ON REHEARING.

The appellant petitions for a rehearing, making the point that no action lies to recover damages sustained by an injunction, unless they have been awarded by the chancellor

on dissolving it; citing Russell v. Rogers, 56 Ill. 176; Brownfield v. Brownfield, 58 Ill. 152, and McWilliams v. Morgan, 70 Ill. 551.

There are two good reasons for denying his petition:

First, that point was not made in the court below, nor in the original brief here of appellant. The court will not grant a rehearing upon a point made for the first time in the petition for a rehearing. Gaines v. Williams, 146 Ill. 450; People v. Harrison, 150 Ill. 122; Hewett v. Griswold, 46 Ill. App. 269.

Second, though from 1861 to 1874, the law was as the petition states it now to be, yet, before 1861 the law was, and since 1874 the law has been, and now is, the other way. Linington v. Strong, 8 Ill. App. 384. The petition is denied.