Ætna Iron Works, J. Louis Pfau, Jr., Pauline M. Pfau and Leonore P. Pfau v. Charles S. Owen.

1. Appellate Court Practice—*Insufficient Cause for Reversal.*—When the report of a master recommended an amendment of a petition, and a decree accordingly, and the decree was entered but the amendment was not made, it was held in the Appellate Court that as the decree, if reversed, would be with directions to permit the amendment to be made and another decree entered accordingly, it would not be disturbed.

2. Assignments—*Terms to be Determined by Recitals.*—The terms of an assignment are to be determined by the recitals in it rather than from any testimony showing them to be otherwise.

**Intervening Petition,** in the nature of a creditor's bill. Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed February 11, 1896.

Sidney C. Eastman and Bowen W. Schumacher, attorneys for appellants.

Knight & Brown, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

The Ætna Iron Works, an Illinois corporation, filed its bill in the Circuit Court against the Firmenich Manufacturing Company, also an Illinois corporation, for an accounting and decree for what might be found due, growing out of a contract for labor and materials, performed and furnished in Iowa.

During the pendency of that bill, the Ætna Iron Works began a mechanic's lien suit against said Firmenich company in the courts of Iowa, and obtained a decree for $6,727.98, and afterward made certain assignments and partial assignments of said decree to various parties.

Of said assignments, one was made to the Illinois Steel Company, to secure a claim it held as a sub-contractor on the same work; and another was made to Pauline M. Pfau,

subject to the claim of the Illinois Steel Company, and others.

Subsequently, the Illinois Steel Company assigned all its interest in the decree to Lenore P. Pfau, and, a little later, Pauline M. Pfau also assigned all her interest in the decree to the said Lenore P. Pfau.

By agreement of parties, the Firmenich company paid certain claims held by other parties, to which the assignment to Pauline M. Pfau was subject, whereby the amount unpaid on the decree was reduced to $4,511.94. Lenore P. Pfau was therefore left sole claimant, as assignee, of the balance of $4,511.94, due on the decree, and the assignments through which she derived her title thereto are the only ones needed to be considered. .

Thereafter, the Firmenich company renewed the litigation here by filing its cross-bill in the original suit of the Ætna Iron Works in the Circuit Court of Cook County, and the cause was referred to a master to take testimony, and report what amounts, if any, were due to creditors of the Ætna Iron Works for material furnished under its original contract with the Firmenich company, and what assignments had been made by the Ætna Iron Works of said decree.

Leave was thereupon given to appellee to file his intervening petition in the cause, and by said petition, which was in the nature of a creditor's bill, appellee showed that he had recovered one judgment against the Ætna Iron Works and J. Louis Pfau, Jr., for $793.22, and another judgment against the said J. Louis Pfau, Jr., and the Chicago and Calumet Rolling Mill Company, for $1,442.95, and that executions had been issued on each of said judgments, and returned unsatisfied.

Appellee also set up in his said petition, the recovery of said decree by the Ætna Iron Works against the Firmenich company, and also the said several assignments under which the said Lenore P. Pfau claimed to own said decree, and then proceeded to allege as follows:

"Your petitioner further shows unto your honors that

said Lenore P. Pfau is the daughter of said J. Louis Pfau, Jr., and that said Lenore P. Pfau is not, in truth and in fact, the owner of said judgment, but that the assignment of said judgment by the Illinois Steel Co., to said Lenore P. Pfau, and Pauline M. Pfau to said Lenore P. Pfau were procured by, and at the instigation and request of said defendant, J. Louis Pfau, Jr., for the purpose and with the intent to hinder, deceive, delay, and defraud this petitioner, and other creditors of the said J. Louis Pfau, Jr., and the said Ætna Iron Works, of their just demands, and that said judgment is now held by said Lenore P. Pfau in secret trust for the benefit of said J. Louis Pfau, Jr., and with the private understanding or agreement that the said judgment belongs of right and shall inure to the benefit of the said J. Louis Pfau, Jr.   And your petitioner further shows unto your honors that the said Ætna Iron Works is owned, controlled and operated by the said J. Louis Pfau, Jr.; that the said Ætna Iron Works is a mere creature or tool of the said J. Louis Pfau, Jr., by or through which the said J. Louis Pfau, Jr., carries on his business, and that the said judgment so held by the said Lenore P. Pfau is in fact and in truth for the benefit of and the proceeds thereof will come to, be used by, and in fact belong to, said J. Louis Pfau, Jr.

Your petitioner therefore prays that  *   *   *  a rule may be entered·herein upon all of the defendants to this suit, to answer the said intervening petition of this petitioner within a short day to be fixed by the court, and that upon the final hearing of this cause, the said assignments so made as aforesaid to the said Lenore P. Pfau may be declared null and void, and of no effect, as against the rights of your petitioner, and that the said assignments may be set aside, and that your petitioner's said judgments so recovered as aforesaid may be declared to be a first and prior lien upon said judgment so now held by the said Lenore P. Pfau, and that the amount so due your petitioner as aforesaid from the said J. Louis Pfau, Jr., and the said Ætna Iron Works may be decreed by this honorable court to be first paid to your petitioner out of any moneys due by said Firmenich Manufacturing Co. upon said judgment

against it as aforesaid, and that in the meantime the said
Firmenich Manufacturing Co. may be restrained and en-
joined from paying to the said Ætna Iron Works, J. Louis
Pfau, Jr., or Lenore P. Pfau, or either of them, or their
executors, administrators, or assigns, the said judgment, so
now claimed to be owned by the said Lenore P. Pfau, or any
part thereof; and that your petitioner may have such other,
further and different relief in the premises as equity may
require, and to your honors may seem meet."

The petition was answered and referred to the master.

So far as the particular issue involved in this appeal is
concerned, the master reported in substance that the assign-
ment by the Ætna Iron Works to Pauline M. Pfau was for
the purpose of securing her for moneys of her own that she
had advanced to buy up claims against the said iron works,
for work and materials furnished in connection with the
original contract with the Firmenich company, and that
she held the decree only as collateral security therefor, and
that Lenore P. Pfau was not an assignee for value, but that
whatever interest she acquired by virtue of the assignments
to her, were charged with any claim that might have been
assented against Pauline M. Pfau, and that after the pay-
ment to Pauline M. Pfau of the amounts due her, and for
which she held said decree as security for, there would
remain enough due on said decree to satisfy the said judg-
ment of appellee against said Ætna Iron Works, and he
recommended that appellee be permitted to amend his
petition, setting up that said Pauline M. Pfau held said
judgment as collateral security only, and that he recover
accordingly.

Without amending his petition, as recommended by the
master, the appellee proceeded to a decree upon the report
as if an appropriate amendment in the manner suggested,
had been made, and the court entered a decree substantially
in accordance with the master's report, in all respects other
than requiring an amendment. By the decree it was found
that appellee could not recover in this proceeding on the
judgment it held against J. Louis Pfau, Jr., and the Chicago
and Calumet Rolling Mill Company, but that he should be

paid the amount of his judgment against the Ætna Iron Works and said J. Louis Pfau, Jr., out of the balance of said decree which had been paid by the Firmenich company and turned over to the clerk of the court to await final decision herein.

The want of a proper allegation in appellee's petition to sustain the decree is particularly urged upon us.

The objection seems to be well taken, but inasmuch as if we were to reverse the decree upon that ground alone, it would be with directions to permit the amendment to be made, and to enter a decree accordingly, we would not disturb the decree on that account.

It is also urged upon us that the decree is not warranted by the evidence.    The assignment from the Ætna Iron Works to Pauline M. Pfau contained a recital as follows:

" This assignment is made to Pauline M. Pfau with the express understanding that when the above described judgment is collected, and after the hereinafter excepted claims are first paid, the residue of said judgment, when paid to said Pauline M. Pfau, shall be in full payment of certain claims for material and labor furnished by different parties to them in the building of the Firmenich Manufacturing Co., which claims have been purchased by her.

This assignment, however, shall be subject to any rights or interests which Binford & Snelling, attorneys, The Illinois Steel Company, Rogers, Brown & Co., and the Chicago Furnace Company, contractors, may have in said judgment."

We think, as did the master, that the terms upon which Mrs. Pfau held the decree should be determined from that recital, rather than from any testimony that the terms were otherwise, and that she held the assignment only as collateral security for the moneys advanced by her in the purchase of claims.

The decree, among other things, found that the money paid by Lenore P. Pfau for the assignment to her of the Illinois Steel Company claim of $850, had been fully paid to her.

The master did not so find, and we have studiously, but vainly, searched the evidence to find any proof of it.

She testified that she paid $750 for the claim of the steel

company at the time it assigned its interest in the decree to her; that she made the payment by giving a mortgage on some Washington Heights property owned by her; that when the mortgage became due she paid it with money received from her mother, and which her mother owed her—describing how her mother came to owe her—and that the Ætna Iron Works had never paid her. We find no evidence to the contrary.

We think it was error to decree that she had been paid the money so paid by her to the steel company. The decree will therefore be reversed and the cause remanded, with directions to the Circuit Court to enter a decree in favor of appellee for the amount of his said judgment against the Ætna Iron Works with interest, and to order to be paid thereon so much as may be necessary to satisfy it, out of the moneys paid to, and held by the clerk of the Circuit Court to abide the result of the suit, as shall remain thereof after allowing to said Lenore P. Pfau out of said moneys the amount of $750, paid by her to the Illinois Steel Company, with interest, at five per cent per annum, from the date of the assignment by the steel company to her.

Reversed and remanded with directions.

MR. PRESIDING JUSTICE GARY ON PETITION FOR REHEARING.

The original opinion proceeded upon the assumption, the truth of which was emphatically asserted in the brief of the appellants, and not denied in the brief of the appellee, that Lenore P. Pfau had not been repaid the sum of $750.

The petition for a rehearing now, for the first time, presents the question whether that sum is not satisfied in another way. Such a method of presenting a case is not permissible. Even a reply brief may not present new points. McDonald v. Logi, 143 Ill. 487.

Much less a petition for rehearing. Marthaler v. Druiding, 58 Ill. App. 336; Gaines v. Williams, 146 Ill. 450; Steinfeld v. Taylor, 51 Ill. App. 399.

A rehearing is not of right, but discretionary. Supreme Lodge v. Dalberg, 138 Ill. 508.

The petition is denied.