# West Chicago Park Commissioners v. James Kincade.

1. MUNICIPAL CORPORATIONS—*Use of Funds for the Payment of Unauthorized Claims.*—A municipal corporation is a trustee for the public, and its funds are not to be used for the payment of unauthorized claims which, though honest in particular instances, establish precedents which open the door to fraud.

2. SAME—*No Recovery for Unauthorized Work.*—A contractor of the West Chicago Park Commissioners cut down the curb stones in a number of places, to permit the laying of sidewalks, which cutting was not a part of his contract, but was done under orders of the engineer of the commissioners, and with the knowledge of some of them that the engineer had given the orders. *Held,* he could not recover.

3. REHEARING—*Matters Not Presented at the Hearing.*—On a petition for a rehearing, the court will not go into matters which were not presented on the original hearing.

4. PRACTICE—*Propositions of Law.*—In actions at law in the first instance appealable to the Appellate Court, the Supreme Court can pass only upon questions of law, and in order that it may see what was held to be the law in the trial court, instructions—if the case was tried by a jury, and propositions of law, if tried by the court—must show the law adopted or rejected. But if a question is otherwise saved by appropriate motions and exceptions, the Appellate Court, without either instructions or propositions, may inquire whether the facts warrant a recovery.

5. APPEALS TO THE SUPREME COURT—*Certificate of Importance.*— The power to grant an appeal from the Appellate Court to the Supreme Court, or a certificate of importance, is limited to twenty days after judgment, and is not extended by the time consumed upon a petition for rehearing.

Assumpsit, for extra work. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed and final judgment entered in this court. Opinion filed April 27, 1896.

E. T. NOONAN and VICTOR ELTING, attorneys for appellant.

The West Chicago Park Commissioners was created a corporate authority by act of the legislature of the State of Illinois. Private Laws of Illinois, 1869 (Vol. i), page 342.

The West Chicago Park Commissioners is a municipal corporation. West Chicago Park Commissioners v. City of Chicago, 152 Ill. 393.

All persons in interest are chargeable with notice of the contents of the act creating a public corporation and of all ordinances and by-laws adopted in pursuance thereof. Dillon on Municipal Corporations, Sec. 356; Tiedemann on Municipal Corporations, Sec. 153; Mather v. City of Ottawa, 114 Ill. 659; Mayor, etc., of Baltimore v. Eschbach, 18 Md, 276; Palmyra v. Morton, 25 Mo. 593; City of Buffalo v. Webster, 10 Wend. 99; City of Knoxville v. King, 7 Lea. 441; Faribault v. Wilson, 34 Minn. 254.

All persons are chargeable with notice of the nature of the duties and the extent of the powers of agents of municipal corporations. Dillon on Municipal Corporations, Sec. 447; Beach on Public Corporations, Secs. 195, 202, 241, 242. 628; Throop on Public Officers, Sec. 551; McDonald v.

Mayor, etc., of N. Y., 68 N. Y. 23; Tamm et al. v. Lavalle, 92 Ill. 263; Dement et al. v. Rokker et al., 126 Ill. 174.

Therefore a contract made with a public agent, or work done and materials furnished upon the order of such agent, if beyond his actual authority, impose no liability upon the municipality in the absence of ratification. Dillon on Municipal Corp. (4th Ed.), Sec. 445, 447; Tiedemann on Municipal Corp., Sec. 169; Bonesteel v. Mayor, etc., of N. Y., 22 N. Y. 162; Parcel v. Barnes, 25 Ark. 261; O'Hara v. New Orleans, 30 La. An. 152; Zuttmann v. City of San Francisco, 20 Cal. 96; Hague v. City of Philadelphia, 48 Pa. St. 527; McDonald v. Mayor, etc., of N. Y., 68 N. Y. 23; Perkinson v. City of St. Louis, 4 Mo. App. 322; Mayor, etc., of Baltimore v. Eschbach, 18 Md. 276; Mayor, etc., Baltimore v. Reynolds, 20 Md. 12; Donovan v. Mayor, etc., of New York, 33 N. Y. 291.

The fact that the municipality received full benefit from the work and that the plaintiff may have himself received no compensation, is without avail to change the rule. Lea v. Munroe, 7 Cranch 370.

James Maher, attorney for appellee; A. W. Browne, of counsel.

When a jury is waived and the cause tried by the court, the same presumptions attach to the findings of the court as would have attached to the verdict of a jury. Claybaugh v. Hennessy, 21 App. 124; Davidson v. Sprague, 21 App. 611; Alexander v. Alexander, 52 App. 195.

When a case is submitted to the court for trial, it is essentially necessary that the party appealing from the finding, should have submitted to the trial court his propositions of law to be held by it, and if none are presented it will be presumed that all questions of law were correctly decided. Davies v. Phillips, 27 Ill. App. 387; First National Bank v. Haskell, 124 Ill. 587.

Mr. Presiding Justice Gary delivered the opinion of the Court.

It appears from the testimony of the appellee as a wit-

ness, that he had a contract for work on Ashland Boulevard, to the amount of $18,000, and that he cut down curb stones to permit laying sidewalks into the curbing, which work was not part of his contract. He did it under orders of the engineer of the appellant, and with the knowledge of some of the Park Commissioners that the engineer had given such orders.

This is not enough to charge the appellant.

. It is a municipal corporation—a trustee for the public—. and its funds are not to be used for the payment of unauthorized claims, which, though honest in the particular instance, by such payment establish precedents which open the door to fraud. Hague v. City of Philadelphia, 48 Pa. St. 527; McDonald v. Mayor N. Y., 68 N. Y. 23; Dillon Mun. Corp., Sec. 445 *et seq*.

The judgment in his favor is reversed, and final judgment for the appellant entered here; the case having been tried below by the court. Union Nat'l Bank of Chicago v. Manistee Lumber Co., 43 Ill. App. 525; Morris v. Wibaux, 47 Ill. App. 630.

GARY, P. J., ON PETITION FOR REHEARING.

This petition, after reciting the foregoing opinion, urges that the appellee's original brief, taking the position " that when a case is submitted to the court for trial, it is essentially necessary that the party appealing from the finding should have submitted to the trial court his propositions of law to be held by it," was inadvertently overlooked. It is then added: "For the reasons above stated we did not go into the merits of the case in our former arguments, and said nothing about the evidence in the case, and the manifestly unfair abstract of the record made by the appellant."

He can not now go into the matter which was not then presented. Ætna Iron Works v. Owen, 62 Ill. App. 603.

And on the matter stated in the first extract from the petition, the brief was wrong. Smith v. Doud, 29 Ill. App. 290.

In two cases (to which I can not immediately refer) in

Nat. Linseed Oil Co. v. McBlaine.

this court, the same views so clearly expressed by Judge Wall, have been held correct. And see Bridge Co. v. Comm. Highways, 101 Ill. 518, and Bradish v. Young, 130 Ill. 386.

In cases on the law side of the court, and in the first instance appealable to an Appellate Court, the Supreme Court can pass only upon questions of law. In order that the Supreme Court may see what was held to be the law of the case in the trial court, instructions—if the case was tried by a jury—propositions of law, if the case was tried by the court—must show the law adopted or rejected in the trial court. But if the question is otherwise saved in the trial court by appropriate motions and exceptions, this court, without either instructions or propositions, may inquire whether the facts warrant a recovery.

The judgment here was entered April 13, 1896. We are now, May 14, 1896, asked to grant a certificate of importance, and an appeal to the Supreme Court.

Our power to grant either, is limited to twenty days after judgment, and is not extended by the time consumed upon a petition for a rehearing. McLachlan v. McLachlan, 126 Ill. 427; Sholty v. McIntyre, 136 Ill. 33.

The petition is denied.