# The Manchester Fire Assurance Company v. Andrew J. Benson.

1. CONTRACTS—*Minds of the Parties Must Meet.*—In a suit against an insurance company where the plaintiff had directed his agent, who was also agent for the insurance company, to keep his property insured, and the agent in pursuance of said instructions had written the policy sued upon, but had not entered it upon his books, or reported it to his company, but had notified the owner of the property, who had thereupon asked the agent to write the insurance company for permission to make a lower rate and if they refused to do so to cancel the policy, and the

agent had done nothing in pursuance of this request, *it was held* that the minds of the parties had not come together and that the plaintiff could not recover for a destruction of his property by fire.

**Assumpsit,** on an insurance policy. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and final judgment rendered. Opinion filed November 30, 1896.

BATES & HARDING, attorneys for appellant.

LEMMA & COPE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This cause was submitted to the Circuit Court upon an agreed statement of facts as follows :

" It is hereby stipulated and agreed by and between the parties to the above entitled cause, that the following is a true and correct statement of the facts in said cause, which facts are submitted to the court as the full, entire and complete facts in said suit :

" On the 20th day of March, 1893, and for some time prior thereto, and until the 1st day of July, 1893, George E. Benson was an agent of the said defendant at Marion, Illinois, empowered to issue insurance policies for the defendant, collect premiums on insurance, effect insurance, and to transact such other business as pertained to such agency. At the same time Andrew J. Benson, who then resided in Chicago, Illinois, at a distance of 300 miles from Marion, Illinois, was the owner of lot 1, in block 10, in the original survey of Marion, in Williamson county, Illinois, subject to a ninety-nine year lease of the north half of the second story of the building situated on said lot, said lease beginning about the year 1870, and running to Fellowship Lodge No. 89 (Masonic). About two years prior to the date first above mentioned said Andrew J. Benson had removed from Marion to Chicago, Illinois, and had left with said George E. Benson his policies of insurance on said property, with the general direction to keep the same insured. At the end of

the first year the said George E. Benson, being at the time an agent of an insurance company other than the defendant, wrote a policy of insurance on said property in said other company for said Andrew J. Benson, and retained such policy in his possession, and upon being notified of the amount of premium charged for said policy, which was $1.10 per hundred, said Andrew J. Benson complained of said rate, claiming it was too high.

On the 20th day of March, 1893, the said insurance expired, and said George E. Benson, being then the agent of the Manchester Fire Assurance Company at Marion, Illinois, wrote an insurance policy, a copy of which is filed with the declaration in said case, which insurance policy the said George E. Benson retained in his office in Marion, but did not enter said policy in his policy register or report the same to said company, and immediately after writing said policy, the said George E. Benson wrote to said Andrew J. Benson in Chicago, a letter dated March 20, 1893, and mailed on said day, which letter, so far as relates to said matter of insurance, is as follows:

'The insurance on the house is expired, and I have re-written it. The premium is $54. If you do not want to carry it, please let me know at once, that I may cancel it.'

This letter was received by Andrew J. Benson, at Chicago, Illinois, on March 21, 1893, and thereupon, on the same day, the said Andrew J. Benson wrote to said George E. Benson as follows:

'Would like to keep my property insured, but feel like the premium charged is too much. I used to get it at $1 and then $1.10. Your rate is $1.35. I do not feel like paying it, and would rather carry my own risk than pay that figure. You can write your company that I will pay $1.10. If they refuse to write it at that, cancel it. I know the board fixed this new rate, but it is too high, and I do not propose to stand it. My property is not in proportion to other in Marion.'

Said letter was mailed on the said day, and reached the office of said George E. Benson on the day following. Said

George E. Benson was not at home when said letter arrived, but returned on or about the 27th day of March, 1893, when he found the said letter from Andrew J. Benson, and signed by him. Afterward, on the 28th day of March, 1893, the building described in said insurance policy was totally destroyed by fire; and thereupon, on the same day, the said George E. Benson telegraphed to Andrew J. Benson as follows, to-wit:

'Block ten burned to ground. No insurance on your building. Will write to-day.

(Signed.)                              GEORGE E. BENSON.'

On the same day said George E. Benson wrote to said Andrew J. Benson as follows:

"Dear Brother: Have time for only a word. Your building and Robertson's burned together; no difference as to time. The general opinion of the people is that both buildings were set by some one about the same time. I am making an effort to find out who done the dirty work. Have good help and some clews. You wrote me that if I could not get your insurance at $1.10 not to write it. I could not get it, so you have the whole loss to stand. I am sorry of this, and so are your friends here, but it can not be helped.                          Hastily,

GEORGE.'

Said letter was received by said Andrew J. Benson at Chicago, Ill., about the 29th day of March, 1893.

The said premium of $54 was never paid to the said insurance company, nor were any instructions given by the said Andrew J. Benson to pay the same, other than the general instructions above, and the general direction given by the said Andrew to said George to pay any liabilities against the said Andrew J. Benson out of the rents which the said George E. Benson was collecting for the said Andrew. At the time when said policy was written, and ever since, the said George E. Benson had moneys in his hands belonging to said Andrew J. Benson, out of which he, the said George E. Benson, could have paid the said

premium.   It was the common custom of insurance agents in the said town of Marion, and of the said George E. Benson as an insurance agent, to write policies of insurance, and collect the premiums therefor at the end of the current month, where the parties insured were of unquestioned responsibility.   The said Andrew J. Benson was financially responsible.

In July following the said fire in March, the said Andrew J. Benson learned from the said George E. Benson for the first time that he, the said George E. Benson, had not written to said company prior to the burning of said building, concerning said insurance.   This was the first knowledge which he, the said Andrew J. Benson, had that the said George E. Benson had not written to said company in any manner prior to the burning of said building.

After the receipt on March 27, 1893, of the said letter of the 21st day of March, 1893, by the said George E. Benson, the said George E. Benson did nothing in respect to the said insurance policy.   He did not write to said insurance company, nor do any other act in relation to the matter.

The said George E. Benson interpreted said letter as a cancellation of said policy, and made no report of the issuance of said policy to said defendant.

At the time of the said fire, the said George E. Benson had his office in the building aforesaid, and the said policy of insurance, with the other papers and library of said George E. Benson, were burned in said fire.

The cash value of the said building at the time of the said fire was about $6,000.

Until some time in July, 1893, the said Andrew J. Benson received no further information regarding said insurance, except that contained in the above letters and telegram.

On or about the 9th day of September, 1893, the said Andrew J. Benson presented to the said defendant a written statement of the loss of the said property by fire, as shown by exhibit 'A' attached hereto, and the said defendant, on receipt of said statement, declined to pay said loss, as shown by the letter hereto attached.

(Copy of policy hereto attached.)

The said Andrew J. Benson continued to reside in Chicago after said fire, and did not see the said George E. Benson until in July, 1893.

The foregoing is a full statement of all the facts in the case.

Andrew J. Benson,

by Lemma & Cope, his Att'ys.

Manchester Fire Assurance Company,

by Bates & Harding, its Att'ys."

Exhibit A, being a sworn statement made by Andrew J. Benson on the 9th day of September, 1893, and delivered to the defendant herein on said 9th day of September, 1893, and purporting to be a proof of loss under said policy.

Exhibit B, attached to agreed statement of facts, being letter from attorney of the Manchester Fire Assurance Company to Messrs. Lemma & Cope, attorneys for plaintiff, stating that from the facts as shown by the letter of Messrs. Lemma & Cope to the company, it would seem that the minds of the parties never met upon this contract of insurance upon which suit is brought.

Exhibit C, being copy of a policy of insurance in the Manchester Fire Assurance Company, such as was written out by George E. Benson, and was in his possession at the time the fire occurred; provides that if fire occur, the assured shall, within sixty days after said fire, render a statement to the company, signed and sworn to by the assured, stating the time and origin of the fire, the interest of the assured in the property, and all other information specified in said condition of said policy, which sworn statement is usually known as a proof of loss. Also provides that if fire occur, the insured shall give immediate notice of any loss, in writing, to the company, etc.

Many propositions of law were submitted to the court by the appellant, but with them we have no concern, as in this court, the question is, whether the judgment is erroneous upon the whole case—facts as well as law. West Chicago Park Comm'rs v. Kincade, 64 Ill. App. 113.

The adage that "it takes two to make a bargain" is as

applicable to, though perhaps less impartially enforced in, insurance contracts as, or than, any other.

Here the parties never came to an agreement. The principles upon which Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 516, and Home Ins. Co. v. Field, 42 Ill. App. 392, were decided, apply here, and no multiplication of words is necessary.

The judgment of the Circuit Court is wrong, and is reversed. Final judgment will be entered here for the appellant, the case having been tried below without a jury. See case first cited.

Reversed, and final judgment.