### D. W. FLYNN

*v.*

### I. N. COAKLEY *et al.*

*Filed at Ottawa January 19, 1897.*

CONSTITUTIONAL LAW—*act requiring husband and wife to join in mortgage on household goods is constitutional.* The act requiring husband and wife to join in the execution of a chattel mortgage on household goods (Laws of 1889, p. 208,) is not unconstitutional, as not having the subject thereof embraced in the title. (*Gaines* v. *Williams*, 146 Ill. 450, followed.)

APPEAL from the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

COOKE & STEVENS, for appellant.

THOMPSON, SHUMWAY & WASSON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an action of replevin by appellant, against appellees, to recover possession of a piano. Both parties claimed the property under chattel mortgages executed by Mrs. H. J. Hislop. It appears from the evidence

that she purchased the instrument on April 5, 1892, for $365, from W. C. Parker, a general dealer in musical instruments, and executed to him a mortgage thereon securing a note for the price thereof; but the mortgage was neither entered on the docket of a justice of the peace nor recorded in the recorder's office of the county, but was acknowledged before a justice of the peace in the same form as though it had been a mortgage upon real estate. Mrs. Hislop took and remained in possession of the property, and on April 9, 1895, executed a mortgage upon it to appellant to secure him of certain borrowed money. At the time this mortgage was executed she was a married woman, residing with her husband, who did not join in its execution. It was admitted upon the trial that appellant had no knowledge of any prior claim or lien upon the instrument at the time he took his chattel mortgage. After the execution of this mortgage, appellee Coakley, a constable acting for appellee Guest, who had become the legal holder of the Parker mortgage, took possession of the piano under a clause in that mortgage providing that the mortgagee should have the right to do so after Mrs. Hislop encumbered or attempted to encumber the same. Thereupon appellant brought this action, which, on a trial, resulted in a finding and judgment in favor of the defendants, from which this appeal is prosecuted.

The case was tried in the circuit court without a jury. The only proposition of law submitted by the plaintiff to be held as the law of the case was, "that section 2 of an act to regulate the foreclosure of chattel mortgages on household goods, wearing apparel and mechanics' tools, approved June 5, 1889, in force July 1, 1889, is, so far as it is sought to apply such section to the circumstances of this case, unconstitutional and void because it is class legislation and because the subject of the section is not expressed in the title of the act," which proposition was refused. The appeal is taken directly to this court, and

the only question presented for our decision is the constitutionality of the section of the statute cited in the foregoing proposition. That section is as follows: "No chattel mortgage executed by a married man or married woman on household goods shall be valid unless joined in by the husband or wife, as the case may be." Laws of 1889, p. 208.

On behalf of appellant the contention is, that the section is unconstitutional because not embraced in the title of the act. It is admitted that it was decided otherwise in *Gaines* v. *Williams,* 146 Ill. 450, but it seems to be thought the constitutionality of the section may be sustained on one state of facts but must be held invalid under the facts of this case. Whether a statute is embraced within the title of a bill or is germane thereto is a question to be determined from the title of the act and a construction of the statute, and cannot be made to depend upon the varying facts and circumstances of particular cases. It is true that parts of an act may be constitutional and other parts not, but that part which is constitutional is valid, no matter what may be the facts and circumstances under which it is invoked. The appellant places himself in the anomalous position of contending that while section 2 is embraced in the title of the act under one state of facts it is not so embraced under another state of facts. We are satisfied with our conclusion reached in *Gaines* v. *Williams, supra,* and the reasons there given for that conclusion.

An attempt is made to raise the question in this court as to whether the piano was "household goods" or necessary household goods, within the meaning of the statute. That is a question of fact settled by the finding and judgment of the court below, and in no way affects the constitutionality of section 2.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*