## THE INHABITANTS OF THE TOWNSHIP OF LODI, IN THE COUNTY OF BERGEN, v. STATE.

The act of the legislature entitled "A supplement to an act entitled 'An act concerning bridges and turnpikes,' approved March 12th, 1878," approved March 30th, 1887, which by its fifth section declares that the act shall not apply or be in force in any county having a county road board, is special and local, and therefore unconstitutional.

---

Indictment for nuisance.  On error to the Bergen Quarter Sessions.  The facts appear in the opinion.

Argued at February Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *Luther Shafer* and *Joseph D. Bedle.*

For the defendant, *A. D. Campbell, Prosecutor of the Pleas.*

The opinion of the court was delivered by

KNAPP, J.  The plaintiff in error was presented by the grand jury of the county of Bergen for nuisance, arising out of its neglect to amend, repair and maintain a public highway which formed a boundary line between Lodi and Union townships.  The highway so found to be out of repair was formerly a turnpike road, the title to which had been acquired by the board of chosen freeholders of the county of Bergen.

The assignments of error, based upon sealed bills of exception, present the question, whether there is a legal obligation on this township to maintain and repair this former turnpike. If so, the conviction should be maintained ; if otherwise, then this judgment is wrong.

The general provisions of the Road law put all public highways in charge of the several townships through which they run for the purpose of opening and keeping in repair.

Various provisions of law have been enacted by the legislature in respect to the maintenance of turnpike roads abandoned by, or taken by purchase or condemnation from, private corporations. An act entitled "An act concerning bridges and turnpikes," approved March 12th, 1878, provided for the forfeiture of the charter of certain turnpike roads, and for the acquisition of title by the boards of chosen freeholders of the several counties in certain cases. The second section of that act declared, that the roads thus acquired should be free and open to public travel, and directed that such roads " be maintained and worked as other    *    *    *    public roads are or shall be directed to be maintained and worked." *Rev. Sup.*, *pp*. 1098, 1099. Under this law, and the several supplements passed thereto, the liability to repair this class of highways was put upon the township in virtue of general regulations then existing controlling that subject. But, by an act passed March 24th, 1882, entitled "An act concerning turnpikes" (*Rev. Sup., p.* 1098), it was provided "that any turnpike road, or any part thereof, the title to or right of possession of which shall be acquired by or has become vested in any board of chosen freeholders of any county for public use, shall be graded, regulated, worked, repaired, maintained and kept up at the cost and expense of said county, and as the said board of chosen freeholders of said county shall order and direct." The costs of this was directed to be raised by county tax. The second section of this act repealed, by express terms, the several supplements passed to this act of 1878, namely, supplements March 14th, 1879 ; March 4th, 1880 ; March 25th, 1881, and, by necessary implication, it also repealed so much

of the said act of March 12th, 1878, as related to the maintenance and repair of turnpike roads acquired by the county. The next act of legislation respecting the subject was passed March 30th, 1887, under the title of "A supplement to an act entitled 'An act concerning bridges and turnpikes,'" approved March 12th, 1878. This act of March 30th, 1887, is made the basis of the indictment in question, through provisions contained in it, placing the repairs of such turnpikes upon the townships in which they lie. The first section of the act so provides, and relieves the board of chosen freeholders of the burden of repairs. The fifth section of the act declares, that " this act shall not apply or be in force in any county having a county public road board."

The cause was tried upon the theory that the liability of the township, under the indictment, arises solely out of this legislation, and, after an examination of the large number of statutes enacted within the past twelve years touching this subject, I conclude that the judgment must be tested by the validity of that statute.

The constitutionality of this law is attacked by the plaintiff in error, on the ground that it is not a general law, such as the legislature, when regulating this, among other subjects, is required by the constitution to enact, that instrument disabling the legislature to enact private, local or special laws regulating the internal affairs of towns or counties. *Const., art.* 4, § 7, *pl.* 11.

The question presented, then, is, whether a classification of localities for the maintenance of this species of highways which excludes counties having public road boards is the basis of a general law, within the meaning of the constitution. The rule is, that in any classification for the purpose of a general law, all must be included and made subject to it and none omitted that stand upon the same footing regarding the subject of legislation. To omit one so circumstanced is as fatal a defect as to include but one of a number. The cases in our own state, in illustration of this rule, are numerous. *Van Riper*

·v. *Parsons,* 11 *Vroom* 123; *Richards* v. *Hammer,* 13 *Id.* 435 ; *Van Giesen* v. *Bloomfield,* 18 *Id.* 442.

Since the enactment of the law of 1882 above mentioned, :and up to the passage of this act of 1887, the chosen free-holders throughout the state have, by law, had the sole man-.agement of this class of public highways, and the cost of maintenance in each county has been a county burden. The .policy of the legislature was, on this subject, a general one, as the subject itself was general. A change in that policy, by transferring this class of roads to the townships of the state, should be by enactments equally comprehensive. To leave out the townships of one county or of half the counties in the state is, in effect, to make the law special, unless those omitted are so conditioned as to render the legislation inappropriate and unsuited to them because of such conditions. Here, the ·condition which excepts localities from the operation of the .law in question, is the existence of a county road board. In point of fact but one county in the state is so situated. What is there in the presence or constitution of such a body that should make the law less appropriate there than elsewhere? Nothing is suggested by counsel, and I am unable to perceive anything. The effect of the law would be, that in Essex ·county alone the act of 1882 would remain in operation.

In my judgment the act is special and, therefore, unconsti-tutional, and cannot be distinguished in principle from the legislation under review in *Closson* v. *Trenton,* 19 *Vroom* 438, .and *Bray* v. *Hudson,* 21 *Id. 82.*

This must result in a reversal of the judgment below.·