(91 N. W. Rep. 70.)

## JENNIE B. ANGELL *vs.* CASS COUNTY.

**Constitutional Law—Special Act—Collection of Taxes.**

Chapter 161, Laws 1901, construed, and *held* that the same is not a general law, but is, on the contrary, a special law for the collection of taxes on certain real estate in certain counties only, and as such is void, because in conflict with subdivision 23 of section 69 of the state constitution, which prohibits the legislative assembly from passing any local or special laws "for the assessment or collection of taxes."

**Classification—Special Legislation.**

The legislative assembly may properly classify subjects for purposes of methodical legislation, but when this is done all the objects of the law within the state, which are situated in like conditions and circumstances, must be embraced within the purview of the law, and be governed by the same, and when a part of such objects are excluded from the operation of the law the same, becomes obnoxious as special legislation.

**Act Obnoxious to Constitution.**

For reasons stated in the opinion, the legislative assembly, in attempting to make a classification of the territory within the state by counties for the purpose of collecting taxes upon certain real esate therein, which attempted classification included some counties and excluded others, did so arbitrarily, and upon no substantial ground or necessity which called for or·justified such classification. The effect of such attempted classification was to legislate specially for the collection of taxes on lands included within certain counties, and at the same time exclude from the operation of the law other lands in like circumstances and conditions with respect to unpaid taxes for the same years.

**Whole Act Void.**

*Held,* further, that the various parts of the law (chapter 161, Laws 1901) are interdependent, and those features of the enactment which are not unconstitutional cannot be divorced from those which violate the constitution, and hence no part of the law can be upheld.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Jennie B. Angell against Cass County and another. Judgment for defendants, and plaintiff appeals. Reversed.

*Newman, Spalding & Stambaugh,* for appellant.

Statute, Chap. 161, Laws 1901, is a general statute and is not a uniform operation. It is a law for the collection of delinquent taxes. Its title declares it to be an act to enforce the payment of taxes. Under § 2 the list filed by the auditor must contain all real estate against which there appears to be any taxes charged for the year 1896 or any prior year or years. Also if any piece shall have been sold to the county at the sale for 1895 or 1896 the list shall include each year's taxes for the years subsequent to 1896, except as to the taxes of 1896 and as to the limitation of the operation of the law to certain counties. The statute is a substantial re-enactment of Chapter 67, Laws 1897. The provisions of the statute are identical with the laws of Minn. 1881, Chap. 35, § 1, and Laws of Minn. 1893, § 1, Chap. 150, construed by the Minn. court. *Croswell* v. *Benton,* 54 Minn. 264, 55 N. W. Rep. 1125. By these provisions the legislature voluntarily surrenders all title, right or lien which the state had theretofore acquired under tax sales of land bid off for the state or county, whether such sales were valid or invalid. *McHenry* v. *Kidder County,* 8 N. D. 418. The statute in question is a general law. The constitution requires that it should be, (§ 176, Const.), and prohibits its special laws for the collection of taxes. § 69, Subd. 23, Const. . The statute must have a uniform operation in all parts of the state where are found the objects of the legislation. § 11, Const.; *State* v. *Bargus,* 53 Ohio St. 94, 53 Am. St. Rep. 628; *Vermont L. & T. Co.* v. *Whithed,* 2 N. D. 93; *Duluth Banking Co.* v. *Koon,* 84 N. W. Rep. 337. The statute is not a uniform operation because its title limits its operation to those counties wherein proceedings under Ch. 67, Laws 1897, were not instituted, or where such proceedings were defective. *Vermont L. & T. Co.* v. *Whithed,* 2 N. D. 94; *Duluth Banking Co.* v. *Koon,* 84 N. W. Rep. 337; *McHenry County* v. *Kidder County,* 8 N. D. 413. Classification by counties is permissible only when it has reference to, is connected with, or affects some function of local county government. *Weinman* v. *Ry. Co.,* 12 Atl. Rep. 288. The act is broader than its title. The entire subject of legislation is not included in the title, but a portion of it is specifically excluded therefrom. § 61, Const.; Cooley on Constitutional Limitations, 177; Sutherland's Statutory Construction, 87; *State* v. *Nomland,* 3 N. D. 432.

*Newton & Smith, Morrill & Engerud,* for respondents.

Chapter 67, Laws 1897, was not available for more than one effort for its enforcement in the same county. It did not stand to be used at any time at the discretion of the county officials; it was available for a reasonable length of time and not indefinitely. *Emmons County*

v. *Lands of First Nat. Bank,* 9 N. D. 583, 84 N. W. Rep. 379; *Cass County* v. *Security Inv. Co.,* 7 N. D. 528, 75 N. W. Rep. 775. Certain counties proceeded under this act and the proceedings were upheld by this court. *Wells County* .v. *McHenry County,* 7 N. D. 246; *Emmons County* v. *Lands of First Nat. Bank,* 9 N. D. 583. It is not the form but the effect of a statute which determines its special character. *Edmonds* v. *Herbrandson,* 2 N. D. 270. A public law of universal interest, embracing all the people of the state or all of a certain class of citizens and not limited to any particular locality is a general and not a special law. *Vermont L. & T. Co.* v. *Whithed,* 2 N. D. 82. The constitutional requirement that all laws of a general nature should have a uniform operation is satisfied if the benefits and burdens fall equally upon all members of the class upon which it operates. *Vermont L. & T. Co.* v. *Whithed,* 2 N. D. 82. A classification by the legislature must be natural and not artificial. It must stand upon some reason. *Edmonds* v. *Herbrandson,* 2 N. D. 270; *Plummer* v. *Borsheim,* 8 N. D. 565. Where a general law uniform in its operation is required, this law is none the less general and uniform because it divides the subjects of its operation into classes and applies different rules to the different classes. *Nichols* v. *Walter,* 33 N. W. Rep. 800. A classification of legislation should be based upon some operation under reasons suggested by necessity. *Cobb* v. *Bord,* 42 N. W. Rep. 396; *State* v. *Hamre,* 42 N. J. Laws, 439; *Louisville Ry. Co.* v. *Wallace,* 11 L. R. A. 787. Law are general and uniform, not because they operate upon every person in the state, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the laws. *People* v. *Wright,* 80 Ill. 388; *Hawthorne* v. *People,* 109 Ill. 302; *McAunich* v. *Ry. Co.,* 20 Ia. 343; *Iowa, etc., Co.* v. *Soper,* 31 Ia. 116; *Bucklow* v. *Ry. Co.,* 64 Ia. 603; *Central Trust Co.* v. *Sloan,* 65 Ia. 655; *Honore* v. *Home Nat. Bank,* 80 Ill. 489. Chapter 67, Laws 1897, relates only to real property taxes delinquent in the year 1895 and prior years. It waived all right arising to the state or county on account of prior sale or forfeiture, and only retained the right to the tax and its lien upon the property upon which assessed and levied. *McHenry County* v. *Kidder County,* 8 N. D. 413. While a statute must stand or fall by its opration, rather than by its mere form, yet, in passing upon the constitutionality of a statute, the court can judge of its operations only through facts of which it can take official notice. The court cannot take testimony to determine the operation of a statute and thereby declare it unconstitutional. *State* v. *Nelson,* 26 L. R. A. 317. A classification made by the act in question is upon necessary and constitutional lines; it is of a general nature and has o uniform operation. It is not local or special. *State* v. *Nelson,* 26 L. R. A. 317; Sutherland's Statutory Construction, 152, note 3.

*J. E. Robinson,* for appellant.

Chapter 161, L. 1901, conflicts with the provision in the state

constitution that all laws of a general nature shall have a uniform operation and that the legislative assembly shall not pass local or special laws for the assessment or collection of taxes. *Vt. L. & T. Co.* v. *Whithed,* 2 N. D. 82; *Plummer* v. *Borsheim,* 8 N. D. 565; *Edmonds* v. *Herbrandson,* 2 N. D. 27; *State* v. *Nomland,* 3 N. D. 427; *Divet* v. *Richland County,* 8 N. D. 65; Sutherland's Statutory Construction, § 116-128.

WALLIN, C. J. The complaint is this case discloses the following state of facts: In the year 1901 real estate tax judgments were entered in the district court for Cass county against numerous parcels of land in said county, which judgments were entered in a tax proceeding instituted in said court pursuant to the provisions of chapter 161 of the Laws of 1901. This action is brought by a taxpayer of Cass county to enjoin the sheriff of the county from selling said parcels of land to satisfy said tax judgments. The complaint charges in effect that said sheriff, in compliance with the requirements of said chapter 161, has advertised said tracts of land for sale, and threatens to sell the same, and that he will sell the same to satisfy said tax judgments unless he is enjoined from doing so, and that such advertisement and sale, if allowed to proceed, will necessarily involve an unlawful expenditure of public funds, to be taken from the treasury of the county. No question of practice is presented by counsel. To the complaint defendants have interposed a general demurrer for insufficiency. In the trial court the demurrer was sustained, and a judgment was entered dismissing the action, from which judgment the plaintiff has appealed to this court. In this court the constitutional validity of chapter 161 is broadly challenged. Appellant's counsel contend that the statute is a void enactment, in this: that it violates and runs counter to sections 11, 61, 176, and subdivision 23 of section 69, of the state constitution. In reaching a conclusion in the case, we have found it to be unnecessary to consider the validity of the law with respect to either section 61 or section 176 of the state constitution; and we shall, therefore, in discussing the case in this opinion, confine our attention to questions arising under section 11 and subdivision 23 of section 69 of the organic law.

Section 11 is as follows: "All laws of a general nature shall have a uniform application." Section 69 is mandatory upon the legislative assembly, and prohibits that body from passing any special or local law "for the assessment or collection of taxes." Subdivision 23, supra. It will therefor become necessary, in construing chapter 161, to inquire whether the same, which is strictly a law for the collection of taxes, is either a special or a local law. If it is found to be either the one or the other, such finding will dispose of the case, and necessitate a reversal of the judgment, for the obvious reason that the legislature is, in terms, prohibited by the constitution from encating any such law. On the contrary, if the conclusion is reached that chapter 161 is neither local nor special in character, but is a general law, it will then become necessary to determine whether the

enactment meets the constitutional requirement of uniformity.

Proceeding to a consideration of this question, it will be conceded that the act of 1901 is general in its form, and purports on its face to be a general law. The subject-matter of the statute—the collection of unpaid taxes upon real estate—is one of common interest to every citizen and taxpayer within the state. It is further true that the operation of the law is not in express terms confined to particular localities, or to a particular class of individuals. Nor is there anything in the law which in express terms prevents its taking effect in any county within the state in which the conditions and circumstances described in the statutes are found to exist. In all these enumerated aspects of the law it has the appearance and characteristics of a general law. Nevertheless we shall be compelled to hold, under well-settled rules of statutory construction, that this act, which, so to speak, masquerades as a general law, is in fact and in its practical operation a special law for the collection of taxes, and, as such, falls squarely under the ban of the constitution (subdivision 23, § 69, supra).

By the act of 1901 the legislative assembly has attempted to make a classification of the counties within the state for the purpose of collecting unpaid taxes upon certain designated classes of real estate, and, in doing so, has attempted to confer upon the officials of some counties of the state authority and power with respect to the collection of taxes which cannot be exercised by the officials of other counties with respect to similar taxes upon the same class of lands, and which were assessed for the same years. It is further true that by this statute the lawmaker has attempted to impose burdens upon a class of taxpayers owning lands in certain counties, from which burdens taxpayers of the same class in other counties have entire immunity. This classification we hold to be erroneous, because the same is attempted to be made arbitrarily, and, as far as we are able to see, for no substantial reason whatever. It is true and quite elementary that a proper classification of subjects for the purpose of legislation is permissible, and is of very frequent occurrence. Our own statutes are replete with examples illustrating this kind of legislation. It often happens that a proper subject of legislation is generic, and may be divided into classes; and when such is the fact the courts uniformly have sustained a classification of the subject-matter for purposes of enacting laws adapted to the needs of the subject-matter as classified. Nor can such enactments, where the classification is properly made, be construed as special legislation. Nevertheless the right of the legislative assembly to classify subjects for the purposes of legislation must be kept within the limits laid down in the constitution. The lawmaker is not permitted, under the guise of classifying subjects of legislation, to violate an express prohibition of the constitution against special legislation. The courts are unanimous in holding that the right to make classifications is subject to qualification, and that very important restrictions must be

placed upon the right. There is abundant authority holding in effect that such classification may not, on the one hand, be purely arbitrary, and, on the other, that the same, to be sustained, must rest upon some substantial ground and sound reason, having regard to the character of the legislation; and it is the province of the judiciary to determine whether the legislature, in a given enactment, has overstepped its authority in attempting to classify for purposes of legislation.

In an early case this court had occasion to consider the question we are here discussing, and did so with reference to the constitutional prohibition against special or local legislation in the matter of "locating or changing county seats." See *Edmonds* v. *Herbrandson*, 2 N. D. 270, 50 N. W. Rep. 970, 14 L. R. A. 725. In the opinion filed in that case, formulated by Corliss, C. J., the entire subject was reviewed and carefully considered in the light of both reason and authority, and many of the leading adjudications upon the subject were cited in that case. In disposing of the case at bar we deem it unnecessary to go beyond the authority of that case, and those upon which it rests for support. Nor does it appear to be necessary, in deciding the case at bar, to quote at great length or to recast the language employed by this court in deciding that case. The governing rule stated and reiterated in the authorities is well settled, and the rule is variously stated in the cases from other states which are cited in the Edmonds Case. This court gave expression to the rule as follows: "But it is our opinion that every law is special which does not embrace every class of objects or persons within the reach of statutory law, with the single exception that the legislature may exclude from the provisions of a statute such classes of objects or persons as are not similarly situated with those included therein in respect to the nature of the legislation. The classification must be natural, not artificial. It must stand upon some reason, having regard to the character of the legislation." In *State* v. *Pugh,* 43 Ohio St. 98, 1 N. E. Rep. 439, the court said: "It is not the form a statute is made to assume, but its operation and effect, which is to determine its constitutionality." In *Lodi Tp.* v. *State*, 51 N. J. Law, 402, 18 Atl. Rep. 749, 6 L. R. A. 56, the following language was used: "The rule is that, in any classification for the purposes of a general law, all must be included and made subject to it, and none omitted that stand upon the same footing regarding the subject of legislation."

Applying the tests as laid down in the cases cited, we are to inquire whether, in dividing the counties of the state for the purposes of collecting taxes upon designated classes of real estate, the legislative assembly in the act of 1901 has exceeded its authority. We think it has done so. The act authorizes the officials of the counties within a class, which class it creates and defines, to institute judicial proceedings for the collection of unpaid taxes upon certain real estate, viz., real estate upon which taxes of 1896 and prior years are

unpaid. The right of any county to enjoy the privileges of the act of 1901 depends upon an event, i. e., whether the county has or has not had the benefit of chapter 67 of the Laws of 1897. If it has, it is excluded. If it has not, it is brought within the class, and may proceed to institute judicial proceedings for the collection of taxes as prescribed in chapter 161. The act of 1897 applied to the whole state, and under it judicial proceedings could have been instituted to collect real estate taxes which became delinquent in 1895 and prior years. We are bound to presume that in passing the law of 1901 the legislative assembly became aware of the important fact (one of common knowledge) that many counties of the state, for one cause or another, had failed to take the benefit of the act of 1897, and that the law of 1901, as clearly expressed on its face, was enacted for the benefit of such counties only as had omitted to proceed under the earlier law. To our minds, there was presented in this a valid and substantial reason for enacting a law for the benefit of the counties which for any cause had failed to obtain the benefits of the law of 1897; and hence it would have been proper to classify such counties, and pass an act adapted to the conditions of the counties within the class, and thereby place all the counties of the state upon a common footing with regard to the taxes which might have been collected under the act of 1897. Had the law of 1901 simply met the exigency, and stopped there, we can see no reason why it should not have been a proper classification of counties for purposes of legislation. But the legislature, by charter 161, has gone much further than this, and has attempted to confer especial privileges upon the officials of the counties within the class, by giving this privileged class of officials power and authority in the way of enforcing the payment of taxes upon real estate which are denied to all county officials who are not embraced within the classification made by the act. Acting under chapter 161, the favored county officers may proceed (those in Cass county have proceeded) to institute judicial proceedings for the collection of taxes on lands within their counties for the years 1895 and 1896 and subsequent years, none of which taxes could have been collected under the law of 1897. Other county officials of the state (those not within the class) are debarred from resorting to the remedies provided in the act of 1901 for the collection of unpaid taxes on land for the same years. In this we discover a classification which, in our opinion, is purely arbitrary, and one for which no sound reason has been suggested by counsel; and, in our opinion, none can be suggested. The result of this legislation would be, if permitted to stand, that taxpayers owning lands in counties within the privileged class, and others owning lands outside of such counties would not be amenable to the same law, and burdens would be placed upon some taxpayers which others do not bear; both classes being delinquent for nonpayment of taxes upon these lands for the same year or years. Such legislation we hold to be nothing less than special legislation for the collection of taxes,

and, as such, null and void, under the constitutional prohibition against such legislation. See subdivision 23, § 69, supra, and *Trust Co.* v. *Whithed,* 2 N. D. 82, 49 N. W. Rep. 318.

But counsel for the respondents contend that, at the least, the law of 1901 should be upheld in so far as it provides for the collection of taxes on land for the year 1894 and prior years, and this contention is placed upon the rule that a statute which is unconstitutional in one or more of its features may be upheld in all other respects. The rule invoked by counsel is well established, and has been applied in numerous cases, but we are very clear that it is inapplicable to the act of 1901. This rule, as stated by Mr. Justice Matthews in *Poindexter* v. *Greenhow,* 114 U. S. 270, 5 Sup. Ct. Rep. 903, 962, 29 L. Ed. 185, is as follows: "It is undoubtedly true that there may be cases where one part of a statute may be enforced as constitutional, and another be declared inoperative and void because unconstitutional; but these are cases where the parts are so distinctly separable that each can stand alone, and where the court is able to see and to declare that the intention of the legislature was that the part pronounced valid should be enforceable, even though the other part should fail. To hold otherwise would be to substitute for the law intended by the legislature one they may never have been willing by itself to enact." In *McDermont* v. *Dinnie,* 6 N. D. 278, 69 N. W. Rep. 294, Bartholomew, J., speaking for this court, stated the rule as follows: "In many cases statutes have been thus destroyed in part and upheld in part. But that can only be done where the statute remaining after the elimination of the unconstitutional portion is in itself a complete law, capable of enforcement, and such a one as it is presumed the legislature would have passed without the rejected portions. If the different portions of the statute are so interwoven and interdependent that the rejected portion furnishes to an appreciable extent the consideration or inducement for the passage of the act, then the entire enactment must be rejected." Applying the rule as thus expounded to the act of 1901, it is manifest that the same cannot be upheld even in part. It appears from examination of the title and the various provisions found in the body of the statute that all parts of the enactment are interdependent. The act as written would certainly become nonenforceable if all parts of the same relating to unpaid taxes of 1895 and 1896 and subsequent years should be eliminated by construction. See the title and sections 1 and 2. To trim down the statute so that it would include only unpaid taxes for the year 1894 and prior years, it would become necessary to eliminate from its title and from its body numerous substantial provisions, and to insert in lieu thereof certain other provisions which this court could suggest as being proper to insert, in order to render the statute free from objection on constitutional grounds. For example, in the title this court would have to substitute the phrase "for the year 1894" in lieu of the words "for the year 1896," which are actually found in the title as enacted. In making the list which the

auditor is required to make, other changes in the language would become necessary. It would would be necessary, as to section 2, to strike out the year 1896 and insert the year 1894, and the following language would have to be expunged, and no similar language inserted in its place: "If any piece or parcel aforesaid shall have been sold to the county at the sale for taxes of 1895 or 1896 the list shall also include each year's taxes for the years subsequent to 1896, with penalty and interest added, down to, but exclusive of, the year in which the list is filed." Again, the law as written authorizes the clerk of the district court to prepare for publication a certain notice of the pendency of the proceeding, but such notice cannot be framed or published until the particular list prescribed in section 2 of the law has been filed in the clerk's office, and the judgment cannot be entered unless it rests upon the proceedings laid down in the statute which leads up to the entry of judgment. It is, therefore apparent that all the machinery for entering judgment against any land for taxes, as found in this statute, is interwoven in such a way that no judgment can be entered which does not include as a basis the aggregate taxes of 1895 and 1896, as well as those for 1894 and prior years. Hence it appears that, to limit this statute by construction so that it would operate only upon taxes in 1894 and prior years, it would become necessary to strike from the law as enacted many of its most vital provisions. To do this, in our judgment, would be to overstep the province of a court, and involve, in its most offensive form, an act of judicial legislation. Moreover, we think that the very terms of the act in question show unmistakably that the collection of the taxes of 1895 and 1896 and those of subsequent years was a consideration which operated in no small degree as an inducement leading to the passage of the act. For this reason, also, we find that no part of the law can be sustained under the authorities above cited.

Our conclusions in this case are based upon the language of the law itself, and upon such facts as are of common knowledge in this state; and we find it unnecessary, in deciding the case, to consider certain facts set out in the last paragraph of the complaint, and to which we have made no reference in this opinion. But we do not wish to be understood as intimating that in deciding a constitutional question, such as is presented in this record, it would be improper, under the authorities, to consider extraneous facts, such as are embodied in the complaint and admitted by the demurrer, and which were expressly conceded to exist by defendants' counsel in his oral argument in this court, viz., the fact that some counties in the state did avail themselves of the act of 1897, and that others did not do so. Upon this feature of the case we shall content ourselves with a citation of certain cases which are cited by appellant's counsel in their brief, and which have a bearing upon this feature of the case. See *State* v.

*Bargus,* 53 Ohio St. 94, 41 N. E. Rep. 245, 53 Am. St. Rep. 628; *Wagner* v. *Milwaukee Co.,* (Wis.) 88 N. W. Rep. 577; *City of Hopkins* v. *Kansas City, St. J. & C. B. R. Co.,* 79 Mo. 98.

Our conclusion is that chapter 161, Laws. 1901, embraces special legislation which is unconstitutional and void, in this: that the same violates subdivision 23 of section 69 of the state constitution.

The judgment of the trial court will be reversed, and that court directed to enter judgment for the plaintiff for the relief demanded in the complaint, together with the costs and disbursements of both courts. All the judges concurring.