(113 N. W. 616.)

---

POWERS ELEVATOR COMPANY v. F. J. POTTNER.

Opinion filed Oct. 16, 1907.

**Constitutional Law — Title of Act.**

1. The provisions of chapter 101, p. 129, Laws 1901, giving a lien to materialmen and laborers upon buildings erected upon land occupied by persons pursuant to the land laws of the United States, is germane to the title to said law, being "an act regulating the filing and foreclosure of mechanic's liens upon lands held or occupied under a filing under any of the land laws of the United States," and does not contravene the provisions of section 61, article 2, constitution, providing that the subject of an act shall be expressed in its title.

**Same — General Laws — Uniform Operation — Mechanic's Lien on Public Land.**

2. An act giving to materialmen and laborers a lien upon buildings erected upon government lands held under the laws of the United States is not repugnant to the constitution, providing that all laws of a general nature shall have a uniform operation.

Appeal from District Court, Eddy county; *Burke*, J.

Action by the Powers Elevator Company against F. J. Pottner. Judgment for plaintiff, and defendant appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

When the subject of an act is announced in its title, means and instrumentalities may be created in the act for its accomplishment, but not vice versa. State v. Nomland, 3 N. D. 427, 57 N. W. 85; Richards v. Stark County, 8 N. D. 392, 79 N. W. 863; Divet v. Richland Co., 8 N. D. 65, 76 N. W. 993; State v. Woodmansee, 1 N. D. 246, 46 N. W. 970; State v. Haas, 2 N. D. 202, 50 N. W. 254; Power v. Kitching, 10 N. D. 254, 86 N. W. 737; Paine v. Dickey County, 8 N. D. 581, 80 N. W. 770; Miss. & R. Boom Co. v. Prince, 24 N. W. 361; State v. Smith, 28 N. W. 241; Astor v. N. Y. Ry. Co., 20 N. E. 594.

The legislature may classify objects upon which the law is to operate, but the classification must be determined upon principle and be reasonable. Edmonds v. Herbrandson, 2 N. D. 270, 50 N. W. 970; Nichols v. Walters, 33 N. W. 800; Beleal v. N. P. Ry. Co., 15 N. D. 318, 108 N. W. 33; People v. Central Pac. Ry. Co., 23 Pac. 303; Dundee Mortgage Co. v. School District, 19 Fed. 359; State v. Mayo, 15 N. D. 327, 108 N. W. 36; Angell v. Cass Co., 11 N. D. 265, 91 N. W. 72; Miller v. Kister, 8 Pac. 813; In re Abell, 77 Pac. 621; Wagner v. Milwaukee County, 88 N. W. 577; Webb v. Downes, 101 N. W. 966; State v. Boyd, 5 Pac. 735; State v. Bargus, 41 N. E. 245.

*Maddux & Rinker,* for respondent.

An amendatory statute must be construed with the original act. Holbrook v. Nichol, 36 Ill. 131; People v. Whipple, 47 Cal. 592.

A law must have equality of operation upon persons according to their relation. State v. Fraternal Knights & Ladies, 77 Pac. 500.

MORGAN, C. J. This is an action to foreclose a mechanic's lien upon buildings situated upon land occupied by the defendant under the homestead laws of the United States. The sole question presented on the appeal pertains to the constitutionality of chapter 101, p. 129, Laws 1901. Two objections are urged in support of the contention that the law is unconstitutional: (1) That the subject of the act is not wholly embraced within its title; (2) That the law is not of uniform application. The title of the act is as follows: "An act regulating the filing and foreclosure of mechanic's liens upon lands held or occupied under a filing under any of the land laws of the United States."

The specific objection to the title is that it does not state the fact embodied in the body of the law, that a lien is created in favor of persons furnishing materials for or doing work upon buildings situated upon government lands. The act provides that materialmen and persons doing work upon buildings so situated shall have a lien upon such building, and, after enforcing said lien, may remove the building from the land after a sale thereof on execution. The omission from the title of the fact that a lien is created by the act in favor of such persons is the basis of the contention that the act is unconstitutional and void, as contravening the provisions of section 61, article 2, constitution, which reads as follows: "No bill shall embrace more than one subject which shall be expressed in its title, but a bill which violates this provision shall be invalidated only as to so much thereof as shall not be so expressed in the title." This section of the constitution has been construed by this court in several cases. In those cases several principles have been laid down as guides in the construction of the section that should be applied in this case: (1) The law will not be declared unconstitutional on account of the defect unless it is clearly so. (2) The title should be liberally construed, and not in a strict or technical manner. (3) If the provisions of the act are germane to the expressions of the title, the law will be upheld. (4) The object to be gained by the enactment and enforcement of the constitutional provision is to advise the legislature and the public of the substance of the act and to prevent surprise, fraud and the enactment of laws upon incongruous and independent matters under one title. (5) The section of the constitution is mandatory upon the legislature and upon the courts. State v. Woodmansee, 1 N. D. 246, 46 N. W. 970, 11 L. R. A. 420; State v. Nomland, 3 N. D. 427, 57 N. W. 85, 44 Am. St. Rep. 572; Richard v. Stark County, 8 N. D. 392, 79 N. W. 863; State v. Home Society, 10 N. D. 493, 88 N. W. 273. Liberally construed we agree that the law is germane to and reasonably connected with what is expressed in the title to the act. The necessary implication connected with the idea of the filing and foreclosure of a mechanic's lien is that a lien is given by this law. The creation of a lien is not foreign or independent to the filing or foreclosure thereof. The words "filing and foreclosure," as used in the title, reasonable construed, mean the doing of everything necessary to perfecting the lien, and no lien can be filed or fore-

closed that has not been or is not created by some provision of law, as there is nothing to file or foreclose. The broadest meaning that the words of a title are susceptible of may be given to them, and the law will not be declared invalid because the words are not well selected. The word "filing," as commonly used in reference to liens, indicates the doing of everything essential to perfecting a claim for a lien authorized by law, and not the mere leaving of the affidavit and account in the office of the clerk. The technical meaning of the words of a title should not be taken as limiting the provisions of the law. The choice of the language is a matter of legislative discretion, and courts will not nullify the legislative will because the language is not well chosen, if upon any reasonable view the language express the subject. Diana Shooting Club v. Lamoreux, 114 Wis. 44, 89 N. W. 880, 91 Am. St. Rep. 898. A person reading this title would not be justified in assuming that the act did not refer to the giving of a lien. The title suggests that the object of the law was to supplement the existing law relating to mechanics' liens by granting a lien' where buildings are erected upon government lands, and authorizing a purchaser at a foreclosure sale to remove it, to obviate the defect in the then existing statutes as construed by this court in Gull River Lumber Co. v. Briggs, 9 N. D. 485, 84 N. W. 349. The appellant strongly relies on the case of State v. Nomland, supra, but the real point decided in that case is not pertinent to this case. In that case the title in no way suggested the dominion of the law objected to. The case of Gaines v. Williams, 146 Ill. 450, 34 N. E. 934, is very much in point. The title of the act was "An act to regulate the foreclosure of chattel mortgages on household goods, wearing apparel 'and mechanic's tools." The act provided that no chattel mortgage executed by a married man or married woman on household goods should be valid unless joined in by the husband or wife. This provision was objected to as not expressed in the title, but it was held germane to the title under a constitutional provision the same as ours.

The second objection to the law is that it is repugnant to section 11 of article 1 of the constitution, which provides that "all laws of a general nature shall have a uniform operation," and to subdivision 31 of section 69 of article 2, prohibiting the enactment of special laws, "authorizing the creation, extension or impairing of liens." It is claimed that to grant liens on buildings

erected on government lands only is an unconstitutional classification as arbitrarily applying to one class of persons occupying lands without having any title thereto. Persons occupying land under the laws of the United States are not similarly situated with persons occupying other land in expectation of ultimately securing title thereto. In case of entries upon government land, the land is forever exempted from an levy based on a debt contracted prior to the issuing of patent by virtue of the provisions of the federal statute. In view of this fact, occupants of land under the federal law are a class in themselves. This fact is a sufficient basis for the classification made by this law. It is not arbitrary, but is based on a reasonable principle. It is a substantial distinction, and recognizes a class really different from any other. It controverts no rule adopted by this court as to the principles that should underlie a proper classification of persons or subjects to which laws of a general nature shall apply. Edmonds v. Herbrandson, 2 N. D. 270, 50 N. W. 970, 14 L. R. A. 725; Beleal v. N. P. Ry. Co., 15 N. D. 318, 108 N. W. 33; Vermont L. & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; State v. Mayo, 15 N. D. 327, 108 N. W. 36; Angell v. Cass Co., 11 N. D. 265, 91 N. W. 72.

The judgment is affirmed. All concur.