No. 96-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

CANBRA FOODS LTD. and
BUTTREY FOOD & DRUG CO.,

       Petitioners and Appellants,

   v.

THE MONTANA DEPARTMENT OF REVENUE, THE
TREASURER OF BUTTE-SILVER BOW COUNTY,
and THE STATE TAX APPEAL BOARD,

       Respondents and Respondents.



FILED

OCT 17 1996

Smith
CLERK OF SUPREME COURT
STATE OF

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

           Steven T. Potts; Jardine, Stephenson, Blewett &
           Weaver, Great Falls, Montana

       For Respondents:

           Deborah Harten; Department of Revenue, Office
           of Legal Affairs, Helena, Montana

                 Submitted on Briefs:  August 22, 1996

                       Decided: October 17, 1996

Filed:

                     Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Canbra Foods Ltd. and Buttrey Food & Drug Co., (collectively Canbra) appeals from the First Judicial District Court, Lewis and Clark County, holding that its request for review was not timely submitted and its appeal to the Butte-Silver Bow County Tax Appeal Board (the CTAB) was not timely filed. We reverse.

For purposes of this decision, this Court will discuss only the following dispositive issues:

1) Is the mailing of a request for review with the DOR the equivalent of "submitting" a request under § 15-7-102(3), MCA (1993)?

2) Did the District Court err in holding that the CTAB did not have jurisdiction to hear Canbra's appeal?

## BACKGROUND

In 1993, the Department of Revenue (the DOR) assessed property owned by Canbra at a value of $7,277,136. The DOR mailed an assessment notice to Canbra on June 24, 1993. However, the notice was returned by the Postal Service because the DOR had failed to pay adequate postage. On July 9, 1993, Canbra contacted the DOR inquiring whether an assessment had been sent. In response, the DOR sent Canbra another copy of the appraisal both by mail and facsimile. The facsimile received by Canbra was illegible. Canbra received a legible copy of the appraisal by mail on July 12, 1993. The DOR argues that Canbra received notice of the classification and appraisal on July 9, 1993, the date on which the DOR provided the information to Canbra via facsimile; thus, the deadline to file an appeal would have been fifteen days from July 9, 1993. The

2

District Court, however, adopted the July 12th date upon which Canbra received notice by mail. Since the DOR has not appealed from that ruling, the date of July 12, 1993, will be used as the date upon which Canbra received notice of the classification and appraisal.

Canbra disagreed with the DOR's $7,277,136 assessment of the property. On July 27, 1993, Canbra mailed a Form AB-26 requesting that the DOR review the assessment. On the same day, Canbra also mailed an appeal of the assessment to the CTAB. The DOR rejected Canbra's request for review of its valuation finding the request was not timely. Although the DOR did not conduct a review of the valuation of the property, the CTAB reduced Canbra's property assessment to $4,000,000 in response to Canbra's appeal. Despite the reduction, Canbra appealed the CTAB's decision to the State Tax Appeal Board (STAB) which dismissed the appeal finding that Canbra's original July 27, 1993 appeal to the CTAB was not timely.

Canbra appealed the STAB's decision to the First Judicial District Court, Lewis and Clark County. In its appeal, Canbra maintained that mailing its request for review to the DOR was a sufficient means of "submitting an objection" under § 15-7-102(3), MCA (1993). In addition, Canbra contended that mailing a notice of appeal was a sufficient method of filing an appeal with the CTAB. The District Court disagreed, holding that a timely filing of the appeal was a jurisdictional prerequisite which could not be waived. The District Court reasoned that, "an application for reduction of a property valuation must be *filed* with the county tax appeal board

3

within 15 days after receiving either a notice of classification and appraisal or a determination after the review provided for in § 15-7-102(3), MCA (1993)." (Emphasis added.) The District Court posed the question as follows: "[w]hether an appeal or request for review is considered 'filed' on the date it is placed in the mail by a petitioner[?]" The District Court then concluded that, for purposes of requesting a review with the DOR or appealing to the CTAB, mailing is not the equivalent of filing. Thus, the Court held, since Canbra did not timely "file" either the request for review or the appeal, CTAB did not have jurisdiction to hear Canbra's appeal.

## DISCUSSION

1) Is the mailing of a request for review with the DOR the equivalent of "submitting" a request under § 15-7-102(3), MCA (1993)?

Whether a mailing constitutes "submitting" under § 15-7-102(3), MCA (1993), is a question of law. The standard of review for an administrative agency's conclusions of law is whether its interpretation of the law was correct. Leahy v. Department of Revenue (1994), 266 Mont. 94, 97, 879 P.2d 653, 655 (quoting Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601).

Section 15-7-102(3), MCA (1993), provides in relevant part:

> If the owner of any land and improvements is dissatisfied with the appraisal as it reflects the market value of the property as determined by the department or with the classification of the land or improvements, the owner may request an assessment review *by submitting an objection in writing to the department, on forms provided by the department for that purpose, within 15 days after*

4

*receiving the notice of classification and appraisal from the department. . . .* [Emphasis added.]

Section 15-15-102, MCA (1993), provides in relevant part:

The valuation of property may not be reduced by the county tax appeal board unless either the taxpayer or the taxpayer's agent makes and files a written application for reduction with the county tax appeal board. The application must be filed on or before the first Monday in June or 15 days after receiving either a notice of classification and appraisal or determination after review under 15-7-102(3) from the department of revenue or its agent, whichever is later. If the department's determination after review is not made in time to allow the county tax appeal board to review the matter during the current tax year, the appeal must be reviewed during the next tax year, but the decision by the county tax appeal board is effective for the year in which the request for review was filed with the department. . . .

In the present case, the District Court held that Canbra's July 27, 1993, mailing did not constitute a "filing" of a request for reduction of property valuation under § 15-15-102, MCA (1993), within the requisite fifteen days. Rather, the District Court held that "filing" requires that the document be delivered to the designated office such that it is "received" by the clerk or officer in question.

The District Court's analysis relied on the filing requirement set forth in § 15-15-102, MCA (1993). We note that § 15-15-102, MCA (1993), is somewhat confusing. It speaks of filing a "written application for reduction" rather than filing "an appeal." However, it then goes on to talk about the CTAB reviewing "the appeal." Accordingly we treat the filing of an application for reduction of property valuation under § 15-15-102, MCA (1993), as synonymous with filing an appeal to the CTAB. As of 1993, § 15-15-102, MCA (1993), has provided that an application for reduction had

5

to be filed before the first Monday in June or within fifteen days after receiving the DOR assessment review under § 15-7-102(3), MCA, whichever is later. The court's analysis focused on the requirement that an appellant file his or her appeal within fifteen days after receiving notice of appraisal. However, the District Court ignored the fact that, under § 15-15-102, MCA (1993), the fifteen-day "filing" requirement for an appeal is extended if the taxpayer has "submitted" a timely request for assessment review with the DOR under § 15-7-102(3), MCA (1993). That is, if there were a timely request for assessment review under § 15-7-102(3), MCA (1993), the requirement that an appeal be "filed" with the CTAB was not triggered until the DOR completed its assessment review and notified the appellant of the results.

The request for assessment review:

Section 15-7-102(3), MCA (1993), does not require that the request for assessment review be "filed." Instead, it provides that the taxpayer could request an assessment review by "*submitting an objection in writing to the department. . . .*" (Emphasis added.) Section 15-15-102, MCA (1993), allows the taxpayer fifteen days after the DOR's determination on review to file an appeal. Thus, if a taxpayer "submitted" a timely request for review by the DOR, he or she had fifteen days after receipt of the department's determination on review to "file" an appeal. In the present case, Canbra mailed its appeal and its request for review on the same day, July 27, 1993. That mailing presents two questions: 1) does a mailing constitute "filing" an appeal with the CTAB; and 2) does

6

a mailing constitute "submitting" an objection to the DOR under § 15-7-102(3), MCA (1993)?

We must first address the question of whether mailing constitutes "submitting" a request for review under § 15-7-102(3), MCA (1993). If we answer that question in the affirmative, then, since the time for "filing" an appeal under § 15-15-102, MCA (1993), was not triggered until the DOR first conducted its assessment review, we need not address the question of whether a mailing satisfied the requirement that an appeal be "filed."

Tax statutes are to be strictly construed against the taxing authorities and in favor of the taxpayer. Butte Country Club v. Department of Revenue (1980), 186 Mont. 424, 430, 608 P.2d 111, 115. In the instant case, § 15-7-102(3) MCA (1993), required Canbra to "submit" its request for assessment review to the DOR within fifteen days of receiving the appraisal. Here, the issue is whether Canbra's July 27, 1993, mailing satisfied the requirement that a request be "submitted" within fifteen days of Canbra's receipt of the appraisal on July 12, 1993.

Although we have not had occasion to interpret the meaning of the term "submit," we note that the North Dakota Supreme Court in Husebye v. Jaeger (N.D. 1995), 534 N.W.2d 811, 815, addressed the distinction between "filing" and "submitting." The North Dakota Court was asked to determine the constitutionality of a state statute requiring that referendum petitions be submitted to the Secretary of State by 5:00 p.m. on the day designated as the deadline. The North Dakota constitution does not require that a

7

referendum petition be filed; rather, it provides that it "may be submitted" only within 90 days. Art. II, Sec. 5, N.D. Const. Prior to 1978, the constitution had provided that such petitions be "filed." In deciding that the petition could be submitted until midnight on the 90th day, the court held:

> As construed in the prior cases, "filing" requires not only presentment of the document to the public official, but the officer's action of accepting it and placing it into the official records of the office for public examination. Similarly, this court has held, in the context of liens, that filing requires more than merely leaving the documents in the office of the appropriate official. *Powers Elevator Co. v. Pottner*, 16 N.D. 359, 113 N.W. 703 (1907). Filing implies not only presentation, but official action to place the document into the permanent record.

Husebye, 534 N.W.2d at 815. The court then went on to contrast the requirement of "filing" with "submitting."

> By contrast, the term "submit" has a much less restrictive meaning. Webster's New World Dictionary 1418 (2nd ed. 1982), defines "submit" as "to present or refer to others for decision, consideration, etc." *See also* 83 C.J.S. Submit (1953) ["The verb 'submit' is defined generally as meaning to present for determination"]. Submitting does not imply any required action on the part of the recipient, but would be complete upon presentation. We conclude that, by changing the constitutional requirement from "filed" within 90 days to "submitted" within 90 days, the people intended a less restrictive requirement. The rationale of those cases holding that petitions must be filed by the close of normal business hours is inapplicable.

Husebye, 534 N.W.2d at 815. We agree that "submit" is a less restrictive requirement than "filing;" that the term "submit" implies that the receiving party is not required to act; that a unilateral action on the part of a taxpayer will suffice. Thus, Canbra's unilateral act of mailing the AB-26 Form on July 27, 1993, satisfied the statutory requirement that the request be "submitted"

8

to the DOR within fifteen days of its receipt of the appraisal on July 12, 1993.

2) Did the District Court err by finding that the CTAB did not have jurisdiction to hear Canbra's appeal?

The District Court concluded that because Canbra failed to file its appeal with the CTAB in time, the CTAB lacked jurisdiction to hear its appeal. The District Court explained that Canbra's letter to the CTAB did not satisfy the requirement that it "file" its appeal within fifteen days of receiving notice of the classification and appraisal. The District Court concluded that the STAB's decision to dismiss Canbra's appeal was correct because Canbra's appeal to the CTAB was not filed in a timely manner.

Canbra's appeal to the CTAB was based on § 15-15-102, MCA (1993). This statute requires a taxpayer to file an appeal with the county tax appeal board. However, a taxpayer is not required to file an appeal until the first Monday in June or fifteen days after receiving notice of classification and appraisal *or determination by the DOR pursuant to § 15-7-102(3), MCA (1993).* Section 15-15-102, MCA (1993). Section 15-15-102, MCA (1993), clearly provides that, in the event a taxpayer requests the DOR to conduct an assessment review, the fifteen-day period for filing an appeal does not commence until the DOR has responded to the request for review under § 15-7-102(3), MCA (1993). Thus, since we have held that Canbra's July 27, 1993 mailing constituted a "submission" of a request for the DOR review under § 15-7-102(3), MCA (1993), it was incumbent upon the DOR to conduct such a review. Until such

9

time as that review has been conducted and Canbra has received notice of the DOR's determination, the fifteen days for filing an appeal to the CTAB has not yet commenced.

We hold that Canbra's July 27, 1993 appeal to the CTAB under § 15-15-102, MCA (1993), was premature since, having submitted a request for assessment review, Canbra has until fifteen days after it receives notice of the DOR's determination in response to the review to file an appeal to the CTAB. If Canbra is aggrieved by the DOR's appraisal after the review, it can then appeal to the CTAB within fifteen days after receiving notice of the DOR's determination.

We hold that Canbra submitted a timely request for an assessment review under § 15-7-102(3), MCA (1993); that the DOR has yet to address the merits of that request for assessment review; and that Canbra has fifteen days after receipt of the DOR's determination of that review within which to file an appeal to the CTAB under § 15-15-102, MCA (1993).

Reversed and remanded for proceeding consistent herewith.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

10

October 17, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Steven T. Potts, Esq.
Jardine, Stephenson, Blewett & Weaver, P.C.
P.O. Box 2269
Great Falls, MT 59403-2269

Deborah Harten, Esq.
Dept. of Revenue, Office of Legal Affairs
P.O. Box 202701
Helena, MT 59620-2701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy